## ALFRED MEEKS *v.* RICHARD K. BOWERMAN.

An allegation in an answer to an action founded upon a lease, that the defendant made the contract of hiring, without knowledge that the premises had been previously occupied as a brothel, with the assent of the plaintiff, who fraudulently and with intent to deceive, had suppressed that fact; and that having entered into the occupation of the premises, he and his family were so annoyed and insulted by lewd persons calling at all times during the day and evening to obtain entrance for improper purposes, that he could not quietly and peacefully enjoy the premises, and was thereby evicted therefrom by the wrongful acts of the plaintiff,—*Held*, on a motion for judgment on the pleadings, no defence to the action.

1. Upon a demise, the landlord is not bound to disclose to the lessee the uses to which the demised premises have been previously put, and in the absence of any express covenants in the lease, there can be none implied by which the lessor can be held as warranting the premises fit for the purposes for which they are rented.

2. The landlord cannot be held liable for the conduct of strangers, and especially when relief might be had against them on application to the police; nor can the acts of strangers claiming under no title, produce an eviction.

The covenant of quiet enjoyment expressed or implied in a lease, only goes to the extent of engaging that the landlord has a good title, and can give a free and unincumbered lease of the premises demised. The acts of strangers, not claiming under any title, cannot in any sense be regarded as a breach of such a covenant on the part of the lessor.

APPEAL by the defendant from a judgment rendered in a District Court, on a motion by plaintiff for judgment on the pleadings.

The action was brought to recover rent of certain premises in the City of New York. The matters set up in the defence are fully stated in the opinion of the Court.

*William Henry Arnoux*, for appellant.

*James Geddes Day*, for respondent.

BY THE COURT.—HILTON, J.—Upon a demise, the landlord is not bound to disclose to the lessee the uses to which the demised premises have been previously put, and in the absence of any express covenants in the lease, there can be none implied by which the lessor can be held as warranting the premises fit for the purposes for which they are rented. *Post v. Vetter*, 2 E. D. Smith, 248; *Howard v. Doolittle*, 3 Duer, 464; *Mechanics' and Traders' Fire Ins. Co. v. Scott*, 2 Hilton, 550; *Gardiner v. Keteltas*, 3 Hill, 330; *Westlake v. De Graw*, 35 Wend. 669. In the latter case, the tenant was obliged to remove from the premises by reason of intolerable stenches, which pervaded the basement and other portions of the house to such an extent as rendered its occupation dangerous to the health of himself and family; and yet the Court held that he was liable for the rent due upon his contract of hiring, notwithstanding he had deserted the premises. *Whitehead v. Clifford*, 5 Taunton, 503.

In the present case, the first defence set up in the answer, is in substance that the defendant entered into the contract for the hiring of the dwelling house in the complaint specified,

# NEW YORK—FEBRUARY, 1861. 101

Meeks v. Bowerman.

without the knowledge of the fact that it had been previously occupied as a brothel, with the assent of the plaintiff, who with intent to defraud and deceive, suppressed that fact from the defendant at the time of such hiring. That he entered into the occupation of the house with his wife and family, and was so annoyed and insulted by lewd persons calling at all times during the day and evening, to obtain entrance for purposes of prostitution, that he could not quietly and peacefully occupy the premises, and was therefore evicted therefrom by the wrongful acts of the plaintiff.

The second defence is that the defendant was obliged to remove by reason of the plaintiff's conduct, and by the breach of his covenant of quiet possession or enjoyment of the premises.

The landlord certainly cannot be held liable for the conduct of strangers, and especially when relief might have been had against them by application to the police; nor can the acts of strangers, claiming under no title, produce an eviction; which must arise from the wrongful acts of the lessor in interfering with or disturbing the tenant's occupation. *Edgerton* v. *Page*, 1 Hilton, 320; affirmed, 20 N. Y. R. 281.

Assuming as we must, that the allegations in the answer interposed before the justice are true, the most we can say of this case is, that the defendant was unfortunate in hiring a house for the residence of himself and family, which by reason of its previous occupation as a brothel had acquired an unpleasant notoriety; but the injury and annoyance of which he complains, is not such as the law recognizes as a defence to an action of this nature. Respecting the averment of fraudulent concealment of facts, it may be said that there can be no fraudulent withholding of information, where there exists no obligation to disclose it.

The maxim of *caveat emptor* applies to the transfer of all kinds of property, whether it be denominated as real or personal, and the purchaser generally takes the risk of its quality and condition, unless he protects himself on the subject by an express agreement. *Olives* v. *Willoughby*, 7 Hilton, 83. The only exceptions are, sales of provisions for domestic use (*Van Bracklin* v. *Fonda*, 12 John. 468),

and a demise of ready furnished lodgings. *Smith* v. *Manable*, 1 Carr. & Marshm. 479.

Respecting the matter stated as the second defence, it seems almost unnecessary to add that the covenant for quiet enjoyment expressed or implied in a lease only goes to the extent of engaging that the landlord has a good title, and can give a free and unincumbered lease of the premises demised. The acts of strangers not claiming under any title, cannot in any sense be regarded as a breach of this covenant on the part of the landlord.

The answer disclosed no defence, and the justice was right in disregarding it.

Judgment affirmed.