By the Court.
O’Gorman, J.
(After stating the facts as above.)-—There is sufficient evidence to sustain these findings of fact, and the only question of law which arises, is whether or no there was any implied covenant on the part of the lessor, plaintiff, that the house was fit for habitation as a dwelling-house, or whether any duty existed on his part towards the plaintiff, from the breach *479 of which she incurred damages, which she was legally entitled to charge against him as a counter-claim in this action.
This question has, from time to time, been the subject of contention in the courts, both of England and of the United States. In this state, however, the conclusion may be fairly gathered from decisions of prevailing authority, that, in the absence of any covenant in the lease itself, as to the fitness of the leased premises for occupation as a dwelling, , no covenant of the lessor can be implied on the subject, and that unless by reason of direct or constructive fraud or culpable negligence on the part of the lessor, the tenant hires at his peril; and a rule similar to that of caveat emptor applies, and throws on the lessee the responsibility of examining as to the existence of defects in the premises and of providing against their ill effects.
There is no responsibility on the landlord in such cases, except such as arises from absolute delictum on his part (Jaffe v. Harteau, 56 N. Y. 398 ; Meeks v. Bowerman, 1 Daly, 99 ; Wallace v. Lent, Ib. 481 ; Coulson v. Whiting, 14 Abb. N. C. 60 ; Sutphen v. Seebas, Ib. 61). If, for instance, the landlord knew before, or at the time of the letting, that the premises were, by reason of some latent defects, unfit for occupation in the use for which they were hired, and he failed to disclose these defects, he would be guilty of negligence (Edwards v. R. R., 98 N. Y. 245). He would also be liable if the defect arose from his own wrongful act (Chadwick v. Woodward, 13 Abb. N. C. 441 ; Rhinelander v. Seaman, Ib. 455).
In Cesar v. Karutz (60 N. Y. 229), the plaintiff claimed damages from defendant on the ground that, being owner of a house, in certain rooms of which tenants had been recently ill of smallpox, he with knowledge of that fact, failed to disclose the same to the plaintiff, and leased to the plaintiff the rooms which had been thus occupied to the damage of the plaintiff. The court of appeals sustained a verdict for the plaintiff on these facts.
*480 In the case at bar, however, the facts are not similar. Here, the plaintiff, lessor, and his tenant, the defendant, were, at the time of the execution of the lease, equally ignorant of the existence of the noxious gases and odors which rendered the premises unfit for the purposes of her living there, and no defect in the house itself was the cause of the mischief, but it was wholly attributable to the stench from the adjoining stable, and the stench increased in intensity after the plaintiff had for some time continued her occupation under the lease. Nor did the defects arise from any wrongful act or culpable negligence of the plaintiff.
On these facts the referee’s conclusions of law were proper and must be sustained. In Edwards v. R. R. (98 N. Y. 245, et seq.), the rule of law as to the. responsibility of the landlord is clearly laid down. “ The responsibility of the landlord is the same in all cases. If guilty of negligence, or other delictum, which leads directly to the accident and wrong complained of, he is hable ; if not so guilty, no liability attaches to him.
The judgment below is affirmed, with costs.
Sedgwick, Oh. J., and Truax, J., concurred.